```
                    United States Bankruptcy Court
                    Northern District of California
```

In re:                                                      Case No. 13-50463-CN
Michael James Koepnick                                      Chapter 7
         Debtor                    **CERTIFICATE OF NOTICE**

```
District/off: 0971-5        User: admin          Page 1 of 2          Date Rcvd: May 01, 2013
                            Form ID: ODSC7fi      Total Noticed: 13
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 03, 2013.
```
db           +Michael James Koepnick,   445 Sherman Ave,   Suite I,   Palo Alto, CA 94306-1829
smg          +State Board of Equalization,   Attn: Special Procedures Section, MIC:55,   P.O. Box 942879,
               Sacramento, CA 94279-0001
13076938      American Education Services,   PO Box 2461,   Harrisburg, PA 17105-2461
13076941      Chase Student Loan,   PO Box 78044,   Phoenix, AZ 85062-8044
13076942      Sallie Mae - Bar Study Loan,   PO Box 9533,   Wilkes-Barre, PA 18773-9533
13076943      Sallie Mae - Consolidated Federal,   PO Box 9533,   Wilkes-Barre, PA 18773-9533
13076944      Sallie Mae - Private,   PO Box 9533,   Wilkes-Barre, PA 18773-9533
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
tr           +EDI: BABARRIS.COM May 02 2013 03:28:00    Audrey Barris,   2184 Sutter St. #322,
               San Francisco, CA 94115-3120
smg           EDI: EDD.COM May 02 2013 03:28:00    CA Employment Development Dept.,   Bankruptcy Group MIC 92E,
               P.O. Box 826880,   Sacramento, CA 94280-0001
smg           EDI: CALTAX.COM May 02 2013 03:23:00    CA Franchise Tax Board,   Attn: Special Procedures,
               P.O. Box 2952,   Sacramento, CA 95812-2952
smg           EDI: IRS.COM May 02 2013 03:28:00    IRS,   P.O. Box 7346,   Philadelphia, PA 19101-7346
13076939      EDI: BANKAMER.COM May 02 2013 03:23:00    Bank of America,   PO Box 15026,
               Wilmington, DE 19850-5026
13076940     +EDI: CHASE.COM May 02 2013 03:23:00    Chase Card Services,   PO Box 15298,
               Wilmington, DE 19850-5298
                                                                                      TOTAL: 6

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                 TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: May 03, 2013**                      **Signature:** _Joseph Speetjens_

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 30, 2013 at the address(es) listed below:
          Audrey  Barris    ajb@barristrustee.com,  CA20@ecfcbis.com
          Dean  Lloyd    on behalf of Debtor Michael James Koepnick dlloyd.legaljaws@gmail.com
          Office of the U.S. Trustee / SJ    USTPRegion17.SJ.ECF@usdoj.gov,  ltroxas@hotmail.com
                                                                              TOTAL: 3

# UNITED STATES BANKRUPTCY COURT
## Northern District of California (San Jose)

**In re:**
Michael James Koepnick
445 Sherman Ave
Suite I
Palo Alto, CA 94306

**Case Number: 13–50463 CN 7**
**Chapter: 7**

Debtor(s)

**Debtor/Joint Debtor Social Security Number(s):**
xxx–xx–8840

## DISCHARGE OF DEBTOR AND FINAL DECREE

It appearing that the debtor(s) is/are entitled to a discharge, **IT IS ORDERED**:
The debtor(s) is/are granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

It further appears that the trustee, Audrey Barris in the above–entitled case has filed a report of no distribution and said Trustee has performed all other and further duties required in the administration of said estate; accordingly, it is hereby

ORDERED that the chapter 7 case of the above–named debtor is closed; that the Trustee is discharged and relieved of said trust.

Dated: <u>4/30/13</u>

By the Court:

Charles Novack
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

Doc # 10

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a discharged debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:]* A creditor who violates this order can be required to pay damages and attorney's fees to the debtor. [There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the discharged the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts that are Not Discharged.

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (applies to cases filed on or after 10/17/2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (applies to cases filed on or after 10/17/2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**